ment, and the justice below gave judgment for plaintiff for twenty-five dollars.

It is obvious that the judgment is not consistent with the facts in evidence, and so should be reversed. *Wise* v. *Rosenblatt*, 30 N. Y. St. Repr. 858 ; 34 id. 1005 ; 16 Daly, 496. The determination of the controversy rested in the conflicting contentions of the parties. Crediting the statements of plaintiff's assignor, the recovery should have been for fifty dollars; discrediting them, defendant was entitled to judgment. The complaint was not amended to enable the action to proceed as one to recover the reasonable value of the services, nor was any evidence whatever introduced for either party from which the justice could determine such values. The recovery, therefore, was not *secundum allegata et probata*. *Romeyn* v. *Sickles*, 108 N. Y. 650 ; 1 Silvernail's Ct. of App. 594.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs.

Judgment reversed and new trial ordered.

---

KRAKOWSKI *v.* THE NORTH NEW YORK CO-OPERATIVE BUILD-
ING AND LOAN ASSOCIATION.

APPEAL from a judgment for plaintiff rendered in a District Court in the city of New York.

Action to recover by a withdrawing shareholder of the defendant association, pursuant to the provisions of its alleged articles of association, which entitle such a shareholder to return of the amount paid on the shares issued to him, less all fines, and a ratable proportion of losses.

*Fred. C. Leubuscher*, for plaintiff (respondent).

*James C. Delamare*, for defendant (appellant).

*Per Curiam.* Both parties to this appeal base their claims upon certain provisions of defendant's alleged articles of association, of which the justice's return in its present condition

presents no evidence. The trial minutes show that certain so-called by-laws were offered and received in evidence and marked "Defendant's Exhibit A," but this exhibit does not accompany the return, and we are thus left to conjecture respecting its contents. Plaintiff's Exhibit 10 seems to be confined to certain pages bearing written entries, and contained in a book entitled "Articles of Association of the North New York Building and Loan Association," and we cannot, therefore, consider the book for other purposes. Again, the corresponding provisions of the so-called articles of association, as they appear in the book referred to, are essentially different from those which are set out at length in appellant's counsel's brief, yet the latter may be in harmony with defendant's Exhibit A, now omitted, and to which counsel refers.

We think that, for the matter above alluded to, justice requires that the parties have opportunity to perfect the return, and we direct that this appeal be reheard at the next November General Term, any amendment of the return on this appeal to be made meanwhile.

Ordered accordingly.